UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80767-Civ-Ryskamp/Vitunac

CHRISTOPHER WILLIAM COOK,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/



FILED by _____ D.C.

FEB 1 9 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Kenneth L. Ryskamp to issue a Report and Recommendation. Christopher William Cook has filed a Motion to Vacate, Set Aside, or Correct Sentence (DE 1), which is currently before the Court. The government has responded (DE 6), Cook has replied(DE 20), and the matter is ripe for adjudication.

## BACKGROUND

In November of 2004, petitioner Cook crashed his car and was seriously injured. Approximately two years later, the government filed a criminal complaint against Cook, which alleged that he had committed mail fraud. Subsequently, a federal grand jury returned a four-count indictment against Cook. On February 2, 2007, Cook pled guilty to Count One of the indictment. After his plea, Cook moved five times to continue his sentencing. The Court granted the first four motions, denied the fifth and scheduled the sentencing hearing for February 29, 2008. On March 3, 2008, Judge Ryskamp sentenced Cook to 41 months in prison, three years of supervised release and $1,856,446.12 in restitution. Between April 22, 2008 and April 23, 2009, Cook's current

1

attorney filed six emergency motions to delay Cook's surrender date. The Court granted the first five motions and denied the sixth. Cook began serving his sentence on April 29, 2009.

PARTY CONTENTIONS

Cook's Motion to Vacate Under 28 U.S.C. §2255

In his § 2255 petition, Cook argues that his counsel rendered ineffective assistance during Cook's sentencing because his counsel did not explain to the sentencing judge, (1) the severity of Cook's medical situation, (2) the cost of that medical situation to the government, (3) the charitable good works Cook had participated in prior to his sentencing, and (4) Cook's ability to pay restitution. Cook argues that these factors, "[w]hile not statutory mitigators, . . . are certainly persuasive and any reasonable attorney would have presented [them] to the Court." (DE 1 p. 7). In his petition, Cook also details his current medical condition and the trauma he suffered from his 2004 car accident.

Government's Response

In its response, the Government argues that Cook's petition is untimely under section 105 of the Antiterrorism and Effective Death Penalty Act of 1996, which establishes a one-year period governing motions for collateral relief under 28 U.S.C. § 2255. The government also argues that Cook has not demonstrated extraordinary circumstances that would merit tolling the limitations period.

Cook's Reply

Cook's counsel notes that, since his representation of Cook, his main concern has been Cook's health. To this end, he filed a number of motions requesting continuances of the sentencing and date of reporting to the Bureau of Prisons. Cook's counsel states that he thought these motions tolled the time for filing a § 2255 petition. Moreover, Cook argues, the decision to toll the

2

limitations period is an equitable one, and "justice is best served with a hearing on the merits when neither party is prejudiced." (DE 20 p. 5).

## DISCUSSION

Before reaching the merits of Cook's petition, the Court must determine if it was brought within the time limits Congress established. It was not. Title 28 U.S.C. § 2255(f)(1) provides that a petitioner must file his claim within one year of his judgment of conviction becoming final.[1] In the Eleventh Circuit, a conviction becomes final ten days after the entry of the conviction and sentence, provided a direct appeal is not filed. Ramirez v. United States, 146 Fed. Appx. 325, 326 (11th Cir. 2005). Judge Ryskamp imposed Cook's sentence on March 3, 2008, and Cook did not file a direct appeal. Thus, Cook had until March 18, 2009[2] to file his §2255 petition. Instead, he filed his petition on May 18, 2009.

Cook argues that the Court should reach the merits of his claim in the interests of equity – basically, a who's-harmed-by-reaching-the-merits argument. Cook misconstrues this Court's discretion. Congress has established a deadline, which can be extended only in "extraordinary circumstances." This exception does not offer the Court so great a tool as Cook suggests; to justify its use, the Court must find that the petitioner has established (a) that he pursued his claims diligently and (b) that extraordinary circumstances stood in the way of his timely filing. Brown v. United States, 318 Fed. Appx. 749, 750 (11th Cir. 2008). Here, the Court cannot find either. Cook failed

---

[1]Subsection (f) provides three other events that can start the one-year period. They are not relevant to Cook's situation, and neither party argues them to be. 28 U.S.C. § 2255(f)

[2]Federal Rule of Appellate Procedure 26 provides that when calculating time periods, the Court should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days . . .." Fed. R. App. P. 26(a)(2).

3

to file his petition within the one-year period. His attorney focused on delaying Cook's report date hoping that Cook could conclude his medical treatment before serving his time. In short, Cook missed the filing deadline because his attorney was focused on other issues. Courts repeatedly hold that an attorney's mere negligence or neglect does not rise to the level of an extraordinary circumstance, certainly not where Petitioner cannot demonstrate his own diligence in ascertaining the federal habeas filling deadline. See e.g., Johnson v. Florida Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008).

The undeniable fact is that Cook's petition was not timely. To engage in analysis on whether Cook's counsel was, in fact, ineffective would be a disservice to all those concerned as any conclusion the Court reached would be mere dictum.

Accordingly, because Cook's petition is time-barred, the Court respectfully RECOMMENDS that his Motion to Vacate, Set Aside, or Correct Sentence (DE 1) be DENIED.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 19 day of February, 2010.

ANN E. VITUNAC
United States Magistrate Judge

4